MARY KESSLER, Appellant, *v.* THE NEW YORK CENTRAL AND
HUDSON RIVER RAILROAD COMPANY, Respondent.

Plaintiff purchased at the office of the B. and O. R. R. Co., at W., a cou-
pon ticket from W. to B., over several connecting railroads, the last of
which was that of defendant. She received a check for her baggage,
with the names of all the roads stamped upon it. On arriving at B. she
demanded her baggage, but it could not be found, and no trace was
found of it after it was checked. In an action to recover for the loss,
*held,* that in the absence of proof that the baggage came into defend-
ant's possession, it was not liable; that the ticket and check fur-
nished no evidence that the connecting roads were jointly engaged in
the business of carrying passengers; but the facts were consistent with
two theories, either that the B. and O. R. R. Co. made an entire through
contract, it employing the other companies, or what was more probable,
that each company was the agent of the others to sell tickets and check
baggage for the others; and, in either view, defendant would not be
responsible without proof that the baggage came into its possession.

(Argued September 24, 1874; decided January term, 1875.)

APPEAL from order of the General Term of the Supreme
Court in the fourth judicial department, reversing a judg-
ment entered for plaintiff on the report of a referee, and grant-
ing a new trial. (Reported below, 7 Lans., 62.)

This action was brought to recover for loss of baggage.
It apppeared that, on September 29, 1870, the plaintiff
bought a coupon ticket in the city of Washington for a pas-
sage to Buffalo over the Baltimore and Ohio Railroad, the
Philadelphia, Wilmington and Baltimore Railroad, Camden
and Amboy Railroad, the Jersey Transportation Company
and the New York Central and Hudson River Railroad, and,
at the same time, she received a check for her baggage with
the names of all these roads stamped upon it. She started
on that day and reached Buffalo on the next day; and, on
several days thereafter, she demanded her baggage of the
defendant, at Buffalo, but it was not found or delivered to
her. She rode to Buffalo upon her ticket, the coupons being
taken off upon the different roads. There was no proof that
the baggage ever came into the possession of the defendant,

and there was no proof what became of it after it was checked. There was no proof of any connection between the different railroad companies except what might be inferred from the form of the tickets and the check, except that there was proof that the roads between Washington and Buffalo sell tickets and check baggage through each way.

The baggage-master of the defendant testified that it was the custom, at the New York depot of the defendant, to keep a record of all baggage received there in a book, which he produced; and that there was no record of the baggage in question. At the close of the evidence, defendant's counsel moved that plaintiff be nonsuited, which motion was denied, and said counsel duly excepted.

*Benj. H. Austin* for the appellant. The check given to plaintiff at Washington, in connection with the coupon tickets, imported an absolute joint contract to carry plaintiff and her baggage from Washington to Buffalo. ( *Wylde* v. *N. R. R. Co. of N. J.*, 53 N. Y., 156; Laws of 1847, chap. 272, § 6; *Milnor* v. *N. Y. and N. H. R. R. Co.*, 53 N. Y., 363–370; *Cary* v. *C. and T. R. R. Co.*, 29 Barb., 35–39, 50–58; *Burnell* v. *N. Y. C. R. R. Co.*, 45 N. Y., 184; *Hart* v. *R. and S. R. R. Co.*, 4 Seld., 37, 42.) The fact that cars of each road were run over the whole route made no difference. (*Bostwick* v. *Champion*, 11 Wend., 571–581; *Quimby* v. *Vanderbilt*, 17 N. Y., 306–313.) The contract imported by defendant's check would not be strengthened if it could have been shown that its special agent took charge of the baggage at Washington, and had delivered a check for it to plaintiff and lost it before it reached its road. (*Root* v. *Gt. W. R. R. Co.*, 45 N. Y., 532.) The contract was not broken by the necessary crossing of the river by Dodd's ferry. *Maghee* v. *C. and A. R. R. Co.*, 45 N. Y., 514.) A contract by a railroad company to carry a passenger's ordinary baggage is implied from the usual course of business, and the price paid for fare is considered as including a compensation for carrying freight. (*Hawkins* v. *Hoffman*, 6 Hill, 589;

*Merrill* v. *Grinnell*, 30 N. Y., 594, 609–623 ; *Dexter* v. *Syr.,*
*B. and N. Y. R. R. Co.*, 42 id., 326–333 ; *Stoneman* v. *Erie*
*R. Co.*, 52 id., 429.)

*A. P. Laning* for the respondent. The liability of an
intermediate carrier, not a party to the original contract,
attaches only upon receipt of the property for transportation,
and this liability is for its own act only. (*Smith* v. *N. Y.*
*C. R. R. Co.*, 43 Barb., 225 ; *Mich., etc., R. R. Co.* v. *Meyers,*
21 Ill., 627.) The coupon ticket issued to plaintiff furnished
no evidence of a joint undertaking between the Baltimore
and Ohio Railroad Company and defendant. (*Quimby* v.
*Vanderbilt*, 17 N. Y., 306 ; *Mylton* v. *Mid. R. Co.*, 4 H. &
N. [Exch.], 614; *Ill. C. R. R. Co.* v. *Copeland*, 24 Ill., 332 ;
*Bostwick* v. *Champion*, 11 Wend., 571 ; *Hart* v. *Renss. and*
*S. R. R. Co.*, 4 Seld., 37 ; *Sprague* v. *Smith*, 29 Vt., 421,
426.)

EARL, C. There was no proof that the defendant and the
other railroad companies were jointly engaged in the busi-
ness of transporting passengers between Washington and
Buffalo. The plaintiff purchased her ticket and obtained
the check at the depot of the Baltimore and Ohio Railroad
Company. What agency the person who sold the ticket had
does not appear, and it does not appear whose agent he was.
It is so improbable that all the companies between Washing-
ton and Buffalo had some arrangement by which they were
jointly interested in the passenger business over all the roads
that it cannot be presumed from the facts which appear in
this case. The facts are consistent with either one of two
theories. Either the Baltimore and Ohio Railroad Company
made an entire contract to transport the plaintiff, with her
baggage, to Buffalo, employing the other companies to per-
form the contract over their roads; or, which is most
probable, each company was the agent of the others to sell
tickets and check baggage over the other roads. Upon
neither theory is the defendant liable in this case. Upon

the first theory, the Baltimore and Ohio Railroad Company
would be the only company liable upon the contract, and
certainly neither of the companies could be made liable for
the loss or destruction of the baggage without proof that it
came into its possession. Upon the second theory, the agency
would be to bind each of the other companies to transport
the passenger and baggage over its road, and each road
would alone be responsible for the safety of the passengers
and baggage upon its road. It is true that the baggage was
checked through to Buffalo. While there was but one check
with the names of all the railroads upon it, it is the same as
if there had been a separate check upon the baggage for each
road ; and the responsibility of neither road commenced
until it received the baggage.

These views are fully sustained by the opinion of CHURCH,
Ch. J., in the case of *Milnor* v. *N. Y. and N. H. R. R. Co.*
(53 N. Y., 363). In that case, defendant's road ran between
New York and New Haven, Connecticut. It connected at
Bridgeport, Connecticut, with the Housatonic Railroad,
operated by the Housatonic Railroad Company, between
Bridgeport and Pittsfield, Massachusetts, passing through
Sheffield. It was proved that, for mutual convenience of pas-
sengers and of the companies, and by agreement between the
defendant and the Housatonic Company, the defendant sold
tickets through from New York to Sheffield at the rate of three
dollars and sixty cents per ticket, out of which defendant
deducted its share, one dollar and seventy cents, and paid
the balance to the Housatonic Company ; and that, under
this arrangement, a coupon ticket to Sheffield, from New
York, was sold to plaintiff's assignor by the defendant ; and
that the baggage of plaintiff's assignor was checked with a
Housatonic check, and was safely carried over defendant's
road, but was destroyed by fire after reaching Sheffield. It
was held that the defendant was not liable, but that the
Housatonic Railroad Company was. According to the law
of that case, if this action had been brought against the
Baltimore and Ohio Railroad Company, which sold the

ticket and checked the baggage, it would have escaped liability by showing that the baggage was lost after it had been carried over its road. The law of that case clearly is, that in such a case that company is alone liable upon whose road the baggage is lost or destroyed. The questions applicable to this case are there so fully discussed, and prior authorites so fully cited and criticised, that a further citation of authorities or discussion of the principles involved are unnecessary.

I do not know of any ground upon which we can indulge in the presumption that this baggage ever came into the possession of the defendant. There is no proof showing what became of it after it was checked at Washington. If the defendant was required to prove a negative — that it did not receive the baggage — it did it in the only way ordinarily practicable, by proof that it kept a record of all baggage received in New York, and that it had no record of the receipt of this baggage.

The order of the General Term must be affirmed, and judgment absolute ordered against the plaintiff, with costs.

All concur.

Order affirmed, and judgment accordingly.