THOMAS G. POOLE, RESPONDENT, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

*Connecting lines, of common carriers — when the sale of a through ticket does not extend the liability of the seller beyond its own line.*

The defendant, which ran trains from Oswego to Fulton station, entered into an agreement with one Hatch, who ran an omnibus from Fulton station to Fulton village, distant about a mile therefrom, by which the defendant's agent, at Oswego, sold tickets to Fulton village, and Hatch sold tickets at the village to Oswego; the fare charged for the whole distance being the sum of the two separate fares, and each party accounted to the other for the fares received for it. The tickets were on separate cards; one a railroad ticket from Oswego to Fulton, the other an omnibus ticket from the station to the village. The plaintiff having purchased tickets at Oswego for the village, and having been injured while going in the omnibus from the station to the village through the negligence of the driver, brought this action to recover the damages thereby sustained against the railroad company.
*Held,* that it could not be maintained.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The defendant is a common carrier of passengers by a railroad extending from Oswego to Syracuse. Eleven miles from Oswego, on this railroad, is a station called Fulton. The village of Fulton is about one mile east of this station. November 21, 1882, one Hatch was, and for some time had been, engaged in running a line of omnibusses for passengers between the station and the village.

The defendant charged thirty-two cents fare between Oswego and Fulton station. Hatch charged eight cents fare between the station and the village. By an arrangement between the defendant and Hatch, the defendant sold at Oswego, with its railroad tickets to Fulton, tickets over the omnibus line; and Hatch sold at Fulton village, with his omnibus tickets to the station, railroad tickets from the station to Oswego.

The tickets were on separate cards, and of the following forms:

"D E L.,  L A C K.  &  W E S T E R N  R.  R."
"O S W E G O  &  S Y R A C U S E  D I V I S I O N."
"OSWEGO TO FULTON."
"N OT  G OOD  U NLESS  S TAMPED  BY  T ICKET  A GENT."

"OMNIBUS LINE."
"F ULTON  S TATION  TO  F ULTON."
"W. F. HOLWILL."

For each omnibus ticket sold by the railroad it paid Hatch eight cents, and for each railroad ticket sold by Hatch he paid the railroad thirty-two cents, but they did not share in the profits or losses of the business.

November 21, 1882, the plaintiff purchased of defendant, at Oswego, a railroad ticket to Fulton station, and an omnibus ticket from the station to Fulton village, paying forty cents for both tickets. The defendant safely carried the plaintiff to Fulton station, at which place he entered an omnibus to ride to the village. An accident happened, by which the plaintiff was thrown from the omnibus and injured. He brought this action, and, upon a trial before a jury, recovered a verdict for $350 damages. A motion for a nonsuit was denied, as was also a motion for a new trial, made on the minutes, on the grounds (1) that the verdict was contrary to law; (2) that the verdict was contrary to evidence; (3) upon the exceptions taken. A judgment was entered and the defendant appealed from the judgment and the order denying a new trial.

*Rhodes, Coon & Higgins,* for the appellant.

*W. C. Crombie* and *H. C. Howe,* for the respondent.

FOLLETT, J.:

For the purposes of this appeal, it will be assumed that the plaintiff was not guilty of contributory negligence, and that the injuries were caused solely by the drivers of the omnibus line. The separate tickets delivered to the plaintiff, whether regarded as contracts or tokens, are insufficient evidence to justify the conclusion as a matter of law, or of fact, that the defendant contracted to carry the plaintiff beyond Fulton station. (*Milnor* v. *N. Y. and N. H. R. R. Co.,*

53 N. Y., 363.) In this case the defendant issued coupon tickets and checked the plaintiff's baggage over a connecting road. The baggage was burned while in the custody of the connecting road, and it was held that the tickets and check were insufficient evidence to authorize the conclusion that defendant contracted to carry over the connecting road.

In *Kessler* v. *New York Central and Hudson River Railroad Company* (61 N. Y., 538), the plaintiff purchased a coupon ticket from the Baltimore and Ohio Railroad at Washington, for Buffalo, over the defendant's road, and checked her baggage through, which was never delivered. The plaintiff failed to show that the baggage came into the possession of the defendants, and it was held that the tickets and checks were insufficient evidence to justify the conclusion that the connecting roads were liable as joint contractors.

In *Isaacson* v. *New York Central and Hudson River Railroad Company* (94 N. Y., 278), it was held that a check upon baggage through to New Orleans was evidence of a contract to safely deliver to a connecting road, but not evidence of a contract to deliver at New Orleans. The same principle is decided in *Knight* v. *Portland Railroad Company* (56 Me., 234); *Myrick* v. *Michigan Central Railroad Company* (107 U. S., 102); *Gass* v. *New York, Providence and Boston Railroad Company* (99 Mass., 220); *Burroughs* v. *The Norwich and Worcester Railroad Company* (100 id., 26; see, also, Wharton on Negligence, §§ 582, 583; 2 Rorer on Railroads, 975).

Each ticket is, as it purports to be, an independent contract or token, one by the railroad to carry from Oswego to Fulton station, and the other by the omnibus line, to carry from Fulton station to Fulton village. In *Buxton* v. *North Eastern Railroad Company* (Law Rep., 3 Q. B., 549), the defendant by a single ticket agreed to carry the plaintiff to a station on a connecting road. The plaintiff was injured on the train of the connecting road and the defendant was held liable. The same rule was held in regard to the carriage of goods in *Bristol and Exeter Railway* v. *Collins* (7 H. L. Cas., 194).

The rule in England differs from the rule generally laid down in the United States. (For a discussion of the English and American rule, see 3 Alb. Law J., 485; 2 Am. Law Rev., 426.) In this case

the uncontradicted evidence is, that the two lines were not connected in business, except that each, as agent, sold tickets over the other. Under the evidence, the court erred in refusing to nonsuit, and again in denying the motion for a new trial on the minutes.

The judgment and order are reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment and order reversed, and new trial ordered with costs to abide the event.